No. 22-56013

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOHN C. EASTMAN,

*Plaintiff-Appellant*,

v.

BENNIE G. THOMPSON, *et al.*,

*Defendants-Appellees,*

On Appeal from a Final Order of the U.S. District Court for the Central District of California (No. 8:22-cv-00099) (Hon. David O. Carter, U.S. District Judge)

## PLAINTIFF-APPELLANT'S MOTION TO DISMISS APPEAL AS MOOT AND VACATE UNDERLYING DECISION

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com

Charles Burnham (D.C. Bar# 1003464)*
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
Email: charles@burnhamgorokhov.com
* *pro hac vice motion forthcoming*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION AND SUMMARY OF RELIEF REQUESTED ....................... 1

ARGUMENT ............................................................................................................ 3

    I.   THE COURT SHOULD DISMISS THE APPEAL AND VACATE THE UNDERLYING DECISION BECAUSE THE APPEAL HAS BECOME MOOT BY THE UNILATERAL ACTIONS OF DEFENDANTS-APPELLEES .................................................................... 3

CONCLUSION ........................................................................................................ 7

CERTIFICATE OF SERVICE ................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Arizonans for Off. Eng. v. Arizona*,
   520 U.S. 43 (1997)............................................................................4, 5

*Boggess v. Berry Corp.*,
   233 F.2d 389 (9th Cir.1956) ...................................................................4

*Calderon v. Moore*,
   518 U.S. 149 (1996)................................................................................3

*City & Cnty. of San Francisco v. Garland*,
   42 F.4th 1078 (9th Cir. 2022) .............................................................1, 3

*DHL Corp. v. Civil Aeronautics Bd.*,
   659 F.2d 941 (9th Cir.1981) ...................................................................4

*Dilley v. Gunn*,
   64 F.3d 1365 (9th Cir. 1995) ..................................................................4

*Duke Power Co. v. Greenwood Cty.*,
   299 U.S. 259 (1936)................................................................................3

*Eastman v. Thompson, et al.*,
   No. 8:22cv99 (C.D. Cal.) ....................................................................1, 2

*Funbus Systems, Inc. v. California Pub. Utils. Comm'n*,
   801 F.2d 1120 (9th Cir.1986) .................................................................4

*In re Burrell*,
   415 F.3d 994 (9th Cir. 2005) ..............................................................4, 6

*In re Davenport,*
   40 F.3d 298 (9th Cir.1994) .....................................................................4

*Marshack v. Helvetica Capital Funding LLC*,
   495 F. App'x 808 (9th Cir. 2012) ...........................................................5

*Mills v. Green*,
   159 U.S. 651 (1895)................................................................................3

*NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*,
  488 F.3d 1065 (9th Cir. 2007) ........................................................... 4, 5, 6

*Publ. Util. Comm'n v. FERC*,
  100 F.3d 1451 (9th Cir.1996) ...............................................................4

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*,
  513 U.S. 18 (1994) ............................................................................ 4, 5, 6

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950) ............................................................................ passim

**Rules**

F.R.A.P. 8(a)(2)(D) ...............................................................................2

**INTRODUCTION AND SUMMARY OF RELIEF REQUESTED**[1]

Plaintiff-Appellant John C. Eastman respectfully moves this Court to dismiss this appeal as moot and vacate the underlying district court opinion ordering disclosure of materials for which Appellant had claimed privilege. Where, as here, a civil case becomes moot before an appeal can be fully heard, well-established authority dictates that the court should vacate the judgment below to ensure fairness to the party that is unable, through no fault of its own, to secure appellate review of an adverse decision. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1088 (9th Cir. 2022). That is precisely the situation here.

This appeal concerns the district court's order directing Plaintiff to produce, pursuant to the court's finding of a crime-fraud exception, eight documents that the court determined were otherwise privileged. *Eastman v. Thompson, et al.*, No. 8:22cv99 (C.D. Cal.) at ECF 372.

Plaintiff filed a motion for reconsideration in the district court, a motion for stay pending appeal, and a motion for extension of time to comply with the production deadline set by the district court pending appeal. *Id.* at ECF 373-75. He also

---

[1] Before filing this, counsel for Plaintiff-Appellant inquired of opposing counsel whether he would oppose motion. Opposing counsel stated he would discuss the request with his clients. In the event the Court disagrees that the district court decision should be vacated as moot, Plaintiff-Appellant wishes to reserve his right to brief the merits of the appeal.

moved for stay pending appeal with a single Ninth Circuit Judge pursuant to F.R.A.P. 8(a)(2)(D).

Shortly before the 2 pm Pacific time deadline for production that had been set by the district court, the district court denied Plaintiff's motions for reconsideration, for stay pending appeal, and for extension of time. *Eastman v. Thompson*, *supra*, at ECF 377-78.

In order to comply with the district court's order, Plaintiff provided to counsel for the Government Defendants (The House Select Committee to Investigate the January 6 Attack on the United States Capitol and its Chairman, Representative Bennie G. Thompson) a link to a dropbox folder containing the disputed documents with a request that the Select Committee not review the documents until the motion to stay pending appeal, which was still pending before a judge of this Court, had been ruled upon.

Instead of honoring that request, the Select Committee downloaded and reviewed the contested documents, later falsely asserting that it did so because no motion to stay was pending at the time. It then, in an unredacted public filing to this Court, provided the link to the documents, which have now been obtained by members of the media and publicly disseminated further. Dkt. 7-1.

# ARGUMENT

## I. THE COURT SHOULD DISMISS THE APPEAL AND VACATE THE UNDERLYING DECISION BECAUSE THE APPEAL HAS BECOME MOOT BY THE UNILATERAL ACTIONS OF DEFENDANTS-APPELLEES

"[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Public disclosure of privileged documents moots any appeal of a court order requiring the production of the documents, as there is no longer any effective relief that can be provided by the court of appeals.

The question then becomes whether the lower court decision ordering the production of privileged documents should be vacated in light of the case having become moot. When a civil case becomes moot on appeal, "the established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *Munsingwear*, 340 U.S. at 39; *San Francisco*, 42 F.4th at 1088. The Supreme Court has described reversal or vacatur as "'the duty of the appellate court'" because such action "eliminates a judgment, review of which was prevented through happenstance." *Munsingwear*, 340 U.S. at 39-40 (quoting *Duke Power Co. v. Greenwood Cty.*, 299 U.S. 259, 267 (1936)). "In the decades since *Munsingwear,* [this Court has] treated *automatic* vacatur as the 'established practice,' applying whenever mootness prevents appellate review." *Dilley v.*

3

*Gunn*, 64 F.3d 1365, 1369–70 (9th Cir. 1995) (emphasis added, citing *In re Davenport,* 40 F.3d 298, 299 (9th Cir.1994); *Funbus Systems, Inc. v. California Pub. Utils. Comm'n,* 801 F.2d 1120, 1131 (9th Cir.1986); *DHL Corp. v. Civil Aeronautics Bd.,* 659 F.2d 941, 944 (9th Cir.1981); *Boggess v. Berry Corp.,* 233 F.2d 389, 393 (9th Cir.1956)); *see also NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.,* 488 F.3d 1065, 1068 (9th Cir. 2007) ("Under the '*Munsingwear* rule,' vacatur is generally 'automatic' in the Ninth Circuit when a case becomes moot on appeal." (quoting *Publ. Util. Comm'n v. FERC*, 100 F.3d 1451, 1461 (9th Cir.1996))).

The Supreme Court has clarified that vacatur is not required when the case became moot through the voluntary action of the party seeking an appeal. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 25 (1994) (holding that *Munsingwear* is "inapplicable" when mootness results from the parties' settlement because, in these cases, "[t]he judgment is not unreviewable, but simply unreviewed by [the appellant's] own choice."). But where, as here, a case becomes moot through the "unilateral action of the party who prevailed in the lower court," "[v]acatur is in order." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71–72 (1997) (quoting *U.S. Bancorp,* 513 U.S., at 23).

This Court focusses on "fairness" principles in deciding whether the decision that has become moot should be vacated. *In re Burrell*, 415 F.3d 994, 999 (9th Cir. 2005); *Dilley*, 64 F.3d at 1370. "The relevant inquiry 'is whether the party

4

seeking relief from the judgment below caused the mootness by voluntary action.'" *Id.* at 1371 (quoting *U.S. Bancorp*, 513 U.S. at 24). If the party seeking relief did not cause the appeal to become moot, vacatur should be granted. *Id.* "[T]he key question is whether the live case was resolved by the strategic decision of the appealing party rather than mere happenstance" or, as here, the unilateral action of the opposing party. *Marshack v. Helvetica Capital Funding LLC*, 495 F. App'x 808, 810 (9th Cir. 2012) (internal quotations omitted).

This appeal was mooted solely by the decision of appellees to download and view the disputed documents while a motion for stay was pending before this Court, and then subsequently to provide the link to those documents in an unredacted public filing. Therefore, the mootness of this appeal occurred by the "unilateral action of the party who prevailed in the lower court," and vacatur should be required, *Arizonans*, 520 U.S. at 1068, and automatic, *NASD,* 488 F.3d at 71-72.

There can be no better illustration of the importance of the *Munsingwear* doctrine than a district court decision ordering the production of privileged materials pursuant to the "crime-fraud" privilege exception. A "crime-fraud" privilege finding carries much of the stigma of a criminal conviction with none of the constitutional protections. Moreover, any appeal of district court privilege rulings will almost by definition be susceptible to mootness challenges. Finally, applying the *Munsingwear* doctrine to a district court's ruling on attorney client privilege

5

will not harm the prevailing party below because it will not deprive them of access to the privileged materials themselves.

In this particular case, Judge Carter's order compelling production of privileged documents under a crime-fraud exception threatens significant harm both to Appellant and to his former client. *Cf. In re Burrell,* 415 F.3d at 999 (noting "that collateral estoppel engenders legal consequences from which a party may continue to suffer harm after a claim has been rendered moot."). As is noted in the Declaration Plaintiff-Appellant submitted *in camera* to this Court in support of the Motion to Stay, the "crime-fraud" determination is clearly erroneous in light of the context in which the supposed "crime-fraud" communications occurred. Leaving that decision in place without Plaintiff-Appellant having the opportunity to challenge it on appeal is precisely the reason the Supreme Court has directed vacatur in circumstances such as this, *Munsingwear*, and why this Court has treated vacatur in such circumstances as "generally automatic," *NASD,* 488 F.3d at 1068. As the authorities cited above indicate, principles of fairness dictate that the parties opposing appeal ought not to be allowed unilaterally to moot and insulate the district court's order from review. Because Plaintiff-Appellant has been prevented from appealing the district court's "crime-fraud" determination for reasons outside of his control, vacatur should be granted. *See U.S. Bancorp.*, 513 U.S. at 25.

## CONCLUSION

This appeal was mooted by the unilateral action of the congressional defendants-Appellees who oppose this appeal. Because their decision to download and review privileged documents while a motion for stay was pending in this Court, and their subsequent publication of the link to those documents, were beyond Plaintiff-Appellant's control, this Court should dismiss the appeal and vacate the underlying decisions finding that certain privileged documents had to be disclosed pursuant to a crime-fraud exception.

November 2, 2022

Respectfully submitted,

/s/ Anthony T. Caso
Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com

Charles Burnham (D.C. Bar# 1003464)*
Email: charles@burnhamgorokhov.com
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
* *pro hac vice motion forthcoming*

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 2, 2022        Respectfully submitted,

/s/Anthony T. Caso
Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com