No. 22-56013

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JOHN C. EASTMAN,

          *Plaintiff-Appellant*,

v.

BENNIE G. THOMPSON, *et al.*,

          *Defendants-Appellees,*

On Appeal from a Final Order of the U.S. District Court for the Central District of California (No. 8:22-cv-00099) (Hon. David O. Carter, U.S. District Judge)

**PLAINTIFF-APPELLANT'S CONSENT MOTION TO WITH-
DRAW AND FOR RETURN OF SEALED DOCUMENTS**

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com

Charles Burnham (D.C. Bar# 1003464)*
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
Email: charles@burnhamgorokhov.com

Pursuant to the Court's invitation, Docket Entry No. 13, Plaintiff-Appellant John C. Eastman hereby moves to withdraw and return the exhibits at Docket Entry No. 6-2 (Eastman declaration and accompanying privileged documents) previously submitted for this Court's *in camera / ex parte* review in relation to Plaintiff-Appellant's Motion for Stay Pending Appeal. The congressional defendants do not object to this request.

On October 19, 2022, the district court below ordered Plaintiff-Appellant to produce 8 privileged documents that it found to be subject to a crime-fraud exception. ECF # 372. For four of the documents, the court found the crime-fraud exception applied because, in the court's view, they demonstrated knowledge of inaccurate statements contained in a court filing that was nevertheless verified. *Id.* at 16-17. For the other four, the court found that the court action itself was filed for an improper purpose. *Id.* at 15-16.

Plaintiff-Appellant filed a Motion for Reconsideration (which the District Court subsequently denied), in which he contended that the district court's "crime-fraud" ruling was "clearly erroneous" because "the full email record clearly shows that the President's lawyers took great care to ensure all court filings were accurate" and that "the legal filings were all designed to obtain a ruling from the court on contested election challenges." ECF #373 at 2-3  In support of that motion, Plaintiff-Appellant submitted to the district court a Declaration for the court's *in*

1

*camera* consideration, referencing approximately 50 privileged documents that had previously been provided to the court *in camera* which, Plaintiff-Appellant contended, "explain the true import of the email record surrounding the Presidential certification submitted" in *Trump v. Kemp*, 511 F.Supp.3d 1325 (N.D. Ga.), and "the purpose for the filing of the complaint in that case." ECF #373 at 3. Plaintiff-Appellant contended that the "affidavit and referenced documents clearly show that no false information was knowingly submitted by the President or his attorneys, and that the complaint was not filed for an improper purpose." *Id.*

In the Motion for Stay Pending Appeal submitted to this Court (first to a single circuit judge pursuant to F.R.A.P. 8(2)(d) and then via the Court's electronic filing system), Plaintiff-Appellant reiterated his contention that the district court's crime-fraud ruling was, in context, "clearly erroneous." Dkt. #2. In order to provide this Court with the same "context" that was available to the district court and necessary for consideration of the pending Motion to Stay, Plaintiff-Appellant moved to submit both the Declaration and the referenced privileged documents to this Court *in camera*, and submitted them under seal using the Court's ECF system, Dkt. #6-2.

While the Motion for Stay was pending before this Court, Defendant-Appellee's accessed the 8 documents that Plaintiff-Appellant had been ordered to produce under the district court's "crime-fraud" ruling (despite Plaintiff-Appellant's

2

explicit request to refrain from doing so until the Stay Motion was ruled upon) and then provided the link to those documents in a public filing, thereby mooting this case. Plaintiff-Appellant subsequently withdrew his Motion for Stay pending appeal, Dkt. #9, and moved to dismiss the appeal as moot, Dkt. #10, which the panel granted, Dkt. #13. With both the Motion for Stay and the Appeal itself having now been dismissed as moot, there is no longer any necessity for the Court to review the privileged documents or the Declaration discussing them. Yet because they remain privileged—the documents were already held by the district court to be protected by the attorney-client privilege, the work-product doctrine, or both—then this Court should not make them public by unsealing Plaintiff-Appellant's prior *in camera* submission but should instead grant Plaintiff-Appellant's motion to withdraw and return the prior submission of both the Declaration and accompanying privileged documents submitted under seal at Docket Entry No. 6-2.

November 26, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Anthony T. Caso
　　　　　　　　　　　　　　　　　Anthony T. Caso (Cal. Bar #88561)
　　　　　　　　　　　　　　　　　CONSTITUTIONAL COUNSEL GROUP
　　　　　　　　　　　　　　　　　174 W Lincoln Ave # 620
　　　　　　　　　　　　　　　　　Anaheim, CA 92805-2901
　　　　　　　　　　　　　　　　　Phone: 916-601-1916
　　　　　　　　　　　　　　　　　Fax: 916-307-5164
　　　　　　　　　　　　　　　　　Email:　atcaso@ccg1776.com

　　　　　　　　　　　　　　　　　Charles Burnham (D.C. Bar# 1003464)
　　　　　　　　　　　　　　　　　BURNHAM & GOROKHOV PLLC
　　　　　　　　　　　　　　　　　1424 K Street NW, Suite 500

3

Washington, D.C. 20005
Telephone: (202) 386-6920

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 26, 2022      Respectfully submitted,

/s/Anthony T. Caso
Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com